UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JANE DOE NO. 43,

        Plaintiffs,

v.

SOUTH BROWARD HOSPITAL DISTRICT D/B/A
MEMORIAL HEALTHCARE SYSTEM and
MEMORIAL REGIONAL HOSPITAL, and
DR. JUAN WESTER,

        Defendants.
_____/

## COMPLAINT

Plaintiff, JANE DOE NO. 43, hereby files this Complaint against Defendants, SOUTH BROWARD HOSPITAL DISTRICT D/B/A MEMORIAL HEALTH CARE SYSTEMS and MEMORIAL REGIONAL HOSPITAL, and DR. JUAN WESTER, and alleges as follows:

### PARTIES AND JURISDICTION

1. JANE DOE NO. 43 ("JANE DOE"), is a citizen of the State of Florida and resident of Miami-Dade County, Florida.

2. Defendant, SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM, is a Florida public hospital district with its principal place of business located in Broward County, Florida.

3. MEMORIAL HEALTHCARE SYSTEM controls and operates MEMORIAL REGIONAL HOSPITAL (the "HOSPITAL" or "MEMORIAL REGIONAL HOSPITAL").



(305) 931-2200                                                                                                                                www.hermanlaw.com

4. The HOSPITAL is a medical hospital providing health care services to patients in South Florida. It is located in Hollywood, Florida.

5. Defendant DR. JUAN WESTER ("DR. WESTER") is a citizen and resident of the State of Florida and is sui juris. He is a surgeon who provides health care services at the MEMORIAL REGIONAL HOSPITAL. DR. WESTER also has his own medical practice.

6. At all relevant times, JANE DOE was an employee of MEMORIAL REGIONAL HOSPITAL in Hollywood, Florida.

7. The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 2000e.

8. The Court has venue of this action under 28 U.S.C. §1391 as the Defendant's principal place of business is in this District, the Plaintiff resides in this District, and a substantial part of the events and omissions giving rise to the claim occurred in this District.

## ADMINISTRATIVE PREREQUISITES

9. On January 22, 2014, the Equal Employment Opportunity Commission issued a Right to Sue Notice to JANE DOE for EEOC Charge No. 510-2013-05050.

10. All jurisdictional prerequisites have been fulfilled.

## SUMMARY OF FACTS

11. JANE DOE was employed as a surgical technologist at MEMORIAL REGIONAL HOSPITAL from approximately 2006 - 2013. During this time period, DR. WESTER was a surgeon who conducted surgeries on a regular basis at MEMORIAL REGIONAL HOSPITAL. Upon information and belief, DR. WESTER was compensated by MEMORIAL REGIONAL HOSPITAL for his services.

12. Upon information and belief, as a surgeon, DR. WESTER had authority over JANE DOE and HOSPITAL staff, particularly during surgery and surgical preparation. Upon

information and belief, during surgery and during surgical preparation, DR. WESTER acted as manager/supervisor of the operating room and the HOSPITAL staff assisting with the surgery.

13. At all relevant times, DR. WESTER and Defendant were in an agent-principal relationship, in which DR. WESTER acted as agent for Defendant in surgery and with regard to surgical-related matters.

14. Beginning in approximately 2012, DR. WESTER engaged in sexual harassment and sexual assaults of JANE DOE. DR. WESTER made inappropriate statements to JANE DOE about her physical appearance that made her uncomfortable. These inappropriate comments included, but were not limited to, statements about JANE DOE's body, and JANE DOE being physically attractive. DR. WESTER also leered at JANE DOE in a sexually suggestive manner that caused her to be uncomfortable.

15. In approximately 2012, while in the operating room together, DR. WESTER patted JANE DOE's back and then rubbed his hand down to her buttocks and caressed her buttocks in a sexual manner. JANE DOE froze and felt extremely uncomfortable, helpless, and unsafe. She gave Dr. WESTER a disapproving look.

16. This act of sexual harassment caused JANE DOE to feel unsafe and anxious while at the HOSPITAL, particularly when DR. WESTER was present. JANE DOE was concerned for her job given DR. WESTER's status and authority at the HOSPITAL, so she attempted to tolerate this discomfort, even as the inappropriate comments by DR. WESTER continued.

17. On or about March 3, 2013, JANE DOE was preparing for a surgery with DR. WESTER and other HOSPITAL staff. Just prior to beginning the operation, DR. WESTER slapped JANE DOE's buttocks with his hand, grabbed it, and squeezed it hard in a sexual and aggressive manner.

18. Shocked, disgusted, and violated, JANE DOE raised her voice to DR. WESTER stating, "what the f**k do you think you're doing?" Upon information and belief, this statement was heard by the other HOSPITAL staff as well as the patient's family members in the room. In response, DR. WESTER boasted in Spanish, "I'm grabbing your a**". Upon information and belief, this statement and admission by DR. WESTER was also heard by the HOSPITAL staff and the patient's family members in the room.

19. Immediately after being sexually assaulted in this manner, JANE DOE felt helpless, disgusted, violated, and scared. Further, as a result of DR. WESTER bragging about his sexual violation of JANE DOE to HOSPITAL staff and the patient's family members, JANE DOE felt a great deal of shame and humiliation. In a panic, JANE DOE immediately left the room and reported the sexual assault to her supervisor. No action was taken against DR. WESTER.

20. Once again, JANE DOE attempted to endure and tolerate the persistent acts of sexual assault and sexual harassment by DR. WESTER, and returned to work for the next couple of days. The overwhelming and debilitating shame, humiliation, fear, anxiety, and feelings of being violated and helpless made working at the HOSPITAL impossible and her employment at the HOSPITAL unsustainable. JANE DOE left the HOSPITAL crying on or about March 16, 2013. After two weeks, JANE DOE attempted to return to work. In approximately June, 2013, the stress, anxiety, shame, and humiliation became overwhelming, and JANE DOE took time off from work, and officially resigned in September, 2013.

21. Upon information and belief, prior to his sexual assaults of JANE DOE, DR. WESTER engaged in unwanted and unwelcome sexual harassment and sexual assault of other female employees of the HOSPITAL.

4

22. As a respected surgeon, DR. WESTER used his prestige and authority at the HOSPITAL to sexually harass and assault JANE DOE and other female employees without fear of consequence.

23. As a result of the sexual harassment and assaults, JANE DOE has suffered, and continues to suffer from mental anguish and emotional damages, including but not limited to, shame, embarrassment, stress, anxiety, flashbacks, difficulty sleeping, fear, and depression.

24. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorneys' fees.

### COUNT I: VIOLATION OF TITLE VII and FCRA
### (Against MEMORIAL REGIONAL HOSPITAL)

25. Plaintiff, JANE DOE re-alleges and reincorporates paragraphs 1- 24.

26. Plaintiff, JANE DOE was subject to sexual harassment, abuse and assault by MEMORIAL REGIONAL HOSPITAL, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, particularly §2000e-2, and the Florida Civil Rights Act (FCRA), Florida Statute §760.10(1)(a), in that JANE DOE was discriminated against in the conditions of her employment because of her sex. This discrimination was intentional.

27. MEMORIAL REGIONAL HOSPITAL's failure to provide a safe working environment for Plaintiff, JANE DOE, caused DR. WESTER's sexual harassment and assaults of JANE DOE.

28. During the time JANE DOE was employed, JANE DOE was the victim of sexual harassment and discrimination. DR. WESTER's sexual harassment was continuous and ongoing throughout her employment.

29. When JANE DOE was under DR. WESTER's supervision and control, DR. WESTER grabbed, slapped, groped and offensively touched JANE DOE against her will, in acts of sexual assault and harassment. DR. WESTER's conduct caused JANE DOE great mental

5

anguish, and would have seriously and adversely affected the psychological well-being of any reasonable employee.

30. The sexual harassment and assault by DR. WESTER was unwelcome, unreasonably interfered with JANE DOE's work performance, and altered the terms and conditions of JANE DOE's employment.

31. As a lead surgeon, DR. WESTER acted on behalf and for the benefit of MEMORIAL REGIONAL HOSPITAL, and was an actual agent of MEMORIAL REGIONAL HOSPITAL.

32. DR. WESTER, as a lead surgeon, acted as proxy for MEMORIAL REGIONAL HOSPITAL, and thus the sexual misconduct of DR. WESTER is imputed to MEMORIAL REGIONAL HOSPITAL.

33. Further, MEMORIAL REGIONAL HOSPITAL knew or should have known of DR. WESTER's history and reputation for sexually harassing and assaulting female employees.

34. As a direct and proximate result of the violations of her right to be free of sexual harassment and assault in the workplace, Plaintiff, JANE DOE has suffered and will continue to suffer damages, including, but not limited to: loss of the capacity for enjoyment of life, humiliation, psychological injuries, mental anguish, loss of income, loss of dignity and self-esteem, and injury to reputation.

35. As a result of the discriminatory actions of MEMORIAL REGIONAL HOSPITAL, and/or its agents, Plaintiff, JANE DOE has been forced to hire an attorney and protect her rights and, as such, is entitled to recover attorney's fees and costs for bringing this action.

WHEREFORE, Plaintiff demands judgment against Defendant MEMORIAL REGIONAL HOSPITAL, for compensatory damages, pain and suffering, lost wages, attorneys'

fees and costs pursuant to 42 U.S.C. §2000e-5(k), punitive damages, costs of suit and such other and further relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE
### (Against MEMORIAL REGIONAL HOSPITAL)

36. Plaintiff, JANE DOE re-alleges and reincorporates paragraphs 1-24.

37. On or about March 11, 2014, Plaintiffs served a letter pursuant to §768.28, Florida Statutes, to the School Board, formally advising the School Board of Plaintiff's negligence claim arising from the events described in this lawsuit. While 180 days has not passed since the date of this notice, Plaintiff agrees to abate this claim pending expiration of the notice period.

38. At all material times, MEMORIAL REGIONAL HOSPITAL owed a duty to JANE DOE to use reasonable care to protect JANE DOE's safety, care, health, and well-being in the course and scope of her employment.

39. MEMORIAL REGIONAL HOSPITAL had the duty to engage in reasonable diligence to ensure that JANE DOE was safe from foreseeable harms posed by MEMORIAL REGIONAL HOSPITAL's surgeon/agent, DR. WESTER.

40. MEMORIAL REGIONAL HOSPITAL's duties encompassed using reasonable care in the hiring, retention, assignment, authorization and/or supervision of its agents to avoid a foreseeable threat to the safety, care, health, and well-being of MEMORIAL REGIONAL HOSPITAL employees, including JANE DOE.

41. As a lead surgeon, DR. WESTER acted on behalf and for the benefit of MEMORIAL REGIONAL HOSPITAL, and was an actual agent of MEMORIAL REGIONAL HOSPITAL.

42. MEMORIAL REGIONAL HOSPITAL had the duty and the power to terminate, remove or restrict DR. WESTER, who posed a foreseeable harm to female employees under his supervision or control, such that the harm could be prevented.

43. Upon information and belief, MEMORIAL REGIONAL HOSPITAL knew or should have known at all relevant times that DR. WESTER posed a grave danger of sexual misconduct to female employees under his supervision or control, including JANE DOE.

44. Despite such actual or constructive knowledge, MEMORIAL REGIONAL HOSPITAL breached its duty to protect female employees from foreseeable harm by choosing not to remove DR. WESTER from his position as manager, or otherwise act to protect female employees from DR. WESTER.

45. MEMORIAL REGIONAL HOSPITAL breached its duty to protect JANE DOE from foreseeable harm, by failing to use reasonable care to provide a safe environment for JANE DOE where she would be free from the unwanted sexual advances and dangerous propensities of DR. WESTER.

46. Upon information and belief, MEMORIAL REGIONAL HOSPITAL also breached its duties by failing to investigate and/or concealing its awareness of facts regarding DR. WESTER that created a likely and foreseeable harm to JANE DOE.

47. Upon information and belief, despite knowledge of DR. WESTER's foreseeable threat to the health, safety and welfare of female employees, MEMORIAL REGIONAL HOSPITAL continued to provide DR. WESTER with unfettered access to female employees under his supervision and control, including JANE DOE.

48. Upon information and belief, MEMORIAL REGIONAL HOSPITAL's training and policies were inadequate, causing the sexual harassment, assault and abuse of JANE DOE.

49. The sexual abuse by DR. WESTER has caused JANE DOE to suffer damages including but not limited to loss of the capacity for enjoyment of life, humiliation, psychological injuries, mental anguish, loss of income, loss of dignity and self-esteem, and injury to reputation. These injuries are persistent, permanent, and debilitating in nature.

WHEREFORE, Plaintiff, JANE DOE demands judgment against Defendant, MEMORIAL REGIONAL HOSPITAL, for compensatory damages, punitive damages, costs and such other and further relief as this Court deems just and proper.

### COUNT III: SEXUAL ASSAULT AND BATTERY
**(Against DR. JUAN WESTER)**

35. Plaintiff repeats and re-alleges paragraphs 1 - 24 above.

36. DR. WESTER committed sexual assault and battery upon JANE DOE consisting of intentional, harmful, unwanted and offensive contact.

37. DR. WESTER made an intentional, unlawful offer of offensive sexual contact toward JANE DOE, creating a reasonable fear of imminent peril and sexual assault.

38. DR. WESTER intentionally inflicted harmful or offensive physical and sexual contact on the person of JANE DOE.

39. As a direct and proximate result of this assault and battery, JANE DOE suffered severe injuries, including but not limited to mental, psychological and emotional trauma. These injuries are continuing and permanent nature.

WHEREFORE, Plaintiff, JANE DOE demands judgment against Defendant DR. JUAN WESTER for compensatory damages, punitive damages, costs and such other and further relief as this Court deems just and proper.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against DR. JUAN WESTER)**

40. Plaintiff repeats and re-alleges paragraphs 1 – 24 above.

41. DR. WESTER's acts of sexual harassment and assault, and statements relating to this conduct, were intentional or reckless.

42. DR. WESTER's conduct was outrageous, going beyond all bounds of decency.

43. DR. WESTER's conduct and related statements caused severe emotional distress to JANE DOE. DR. WESTER knew or had reason to know that his intentional and outrageous acts and conduct would cause emotional trauma and damage to JANE DOE.

44. As a direct and proximate result of DR. WESTER's intentional or reckless acts and conduct, JANE DOE has suffered and will continue to suffer severe mental anguish and pain.

45. DR. WESTER's acts of sexual abuse were willful and malicious.

WHEREFORE, Plaintiff, JANE DOE demands judgment against Defendant DR. JUAN WESTER for compensatory damages, punitive damages, costs and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: April 17, 2014.

Respectfully submitted,

HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel: 305-931-2200
Fax: 305-931-0877

By: _____
Jeffrey M. Herman (FL Bar No. 521647)
jherman@hermanlaw.com
Stuart S. Mermelstein (FL Bar No. 947245)
smermelstein@hermanlaw.com
Arick W. Fudali (FL Bar No. 85899)
afudali@hermanlaw.com